IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DANYA FAVORS                              )
                                          )
        v.                                )          NO. 3:11-0267
                                          )
MIDWAY COMPANIES, LLC.                    )


TO:  Honorable Aleta A. Trauger, District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 24, 2011 (Docket Entry No. 4), the Court referred this action to the Magistrate Judge for a frivolity review under 28 U.S.C. § 1915(e)(2)(B), and for case management, decision on all pretrial nondispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72 of the Federal Rules of Civil Procedure.

The plaintiff, a resident of Madison, Tennessee, filed this action pro se and in forma pauperis on March 22, 2011, against Midway Companies, LLC ("Midway"), a business located in Houston, Texas.  The plaintiff alleges that he was sexually harrased and retaliated against while working for Midway in Houston, Texas during 2009 and 2010, and he asserts claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.[1]  He filed a charge of discrimination with the Texas Workforce Commission and received a right to sue letter, which was dated September 30, 2010.[2]  See Attachments to Complaint.

---

[1] The plaintiff also asserts that his boss demanded that he vacate his apartment without proper notice, but it is not clear whether he asserts a specific claim against Midway based on this allegation.

[2] Actually, the date appears to be "9-30-2011" but a portion of the date was either cut off when the letter was photocopied or the year was incorrectly listed as "2011" instead of "2010."

The proper venue for an action brought under Title VII is governed by 42 U.S.C. § 2000e-5(f)(3), which provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter.  Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.  For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

The face of the plaintiff's complaint fails to show that this action may be brought within the Middle District of Tennessee because there are not facts showing that venue lies within the Middle District of Tennessee under 42 U.S.C. § 2000e-5(f)(3).  The plaintiff's action is based entirely upon events which occurred in Texas.  Additionally, the named defendant is a business located in Texas.  The only connection between Tennessee and the instant lawsuit is that the plaintiff now resides in Madison, Tennessee.

Accordingly, pursuant to 28 U.S.C. § 1406(a), this action should be transferred to the Southern District of Texas, where venue is proper given the allegations that Houston, Texas, is where the defendant is located and where all events in the action occurred.[3]

## R E C O M M E N D A T I O N

For the reasons set out above, the Court respectfully RECOMMENDS that this action be transferred to the Southern District of Texas.

---

[3] In addition, the plaintiff does not allege that the defendant has any contacts with Tennessee nor does the plaintiff provide any basis for asserting personal jurisdiction over the defendant in this state.

2

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

3